902 F.2d 32
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. BRITT, Plaintiff-appellant,
v.
Peter D. GWYN, Defendant-appellee.
 No. 89-3654.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1990.
 
 Before RALPH B. GUY, Jr., and ALAN E. NORRIS, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Robert E. Britt, appeals the district court's grant of summary judgment in favor of defendant-appellee, Peter D. Gwyn, finding that plaintiff's claims of negligence and fraud were in essence malpractice claims barred by Ohio's one year statute of limitations, Ohio Rev.Code Sec. 2305.11(A).
 
 I.
 
 2
 This action arises from a complaint for legal malpractice filed April 1, 1988, by appellant Britt against appellee, his former attorney, Peter Gwyn. Gwyn represented Britt in a dispute arising from the terms of a separation agreement which had been incorporated under a Petition of Dissolution of Marriage on July 18, 1983. The separation agreement stated that Britt had to pay $1000/month alimony for 10 years to his ex-wife, and child support, and provided for the formation of two partnerships created from marital farmland owned in Indiana, Britt I and Britt II.
 
 
 3
 In 1984 Britt and his ex-wife became involved in a series of disputes stemming from the terms of this separation agreement and Britt hired Gwyn for legal representation. During 1985 and 1986 Britt's ex-wife, Josephine Britt, filed several motions to find Britt in contempt of court for violating the alimony and child support provisions under the separation agreement (Case No. 83-DR-283). In addition, in November 1985, Josephine Britt filed a separate lawsuit seeking to compel a winding up and dissolution of the partnerships, Britt I and Britt II, involving the farmland in Indiana. She filed suit in the Court of Common Pleas of Wood County, Ohio, Case No. 85-CIV-416. Settlement negotiations were conducted to resolve all matters in both cases, culminating in an August 4, 1986 meeting between Dunipace, Josephine Britt's attorney, Britt, and Gwyn. On August 5, 1986, Gwyn wrote Britt a letter confirming the terms of the proposed settlement and Britt's agreement thereto and informed him of the court hearing on August 11. On August 11, 1986, Dunipace and Gwyn appeared for trial before Judge DeCessna and read the parties' settlement agreement into the record. Britt, who had been informed of the time and place for the hearing, did not appear. On August 13, 1986 a journal entry was filed in Case No. 85-CIV-416, adopting the settlement agreement.
 
 
 4
 On August 12, 1986, Gwyn wrote his client Britt, stating that he was upset by his absence from the hearing and that Gwyn had assured him that by appearing at the hearing he would not be arrested for failure to pay alimony. The letter informed Britt that the case had been settled "according to your agreement in our phone conversation of August 10th." The letter fully outlined the details of the settlement and the division of property involved in the dissolution of the partnerships, Britt I and Britt II. On August 25, 1986, Dunipace prepared original deeds concerning the properties divided under the settlement agreement and mailed them to Gwyn for Britt's signature. On September 11, 1986, a judgment entry incorporating the identical settlement agreement was filed in Case No. 83-DR-283 by Judge Williamson, who had issued the Decree of Dissolution of Marriage.
 
 
 5
 On September 18, 1986, Britt signed original, fully prepared deeds to effect the conveyance of the farm properties concerned in the dissolution of the marital partnerships. On October 29, 1986, Britt wrote Gwyn, criticizing him for having accepted all of his ex-wife's proposals in August. On November 29, 1986 and on January 5, 1986, Britt wrote to Judge Williamson, the presiding judge in Case No. 83-DR-283 (Mrs. Britt's suit for unpaid alimony and other debts). The letters stated that he did not understand the settlement agreement. A hearing was set for January 27, 1987 pursuant to Britt's letters.
 
 
 6
 In January 1987, Britt discussed his case with attorney Thomas H. Vogtsberger, who gave notice to the court that he would be acting as Britt's counsel of record and who filed a notice of appearance on Britt's behalf. On January 26, 1987, Voghtsberger filed a notice of appearance with the Court of Common Pleas to give notice that he would be acting as counsel of record in case No. 83-DR-283 for petitioner Britt.
 
 
 7
 On June 21, 1988 appellant filed an Ohio Civil Rule 60(B) motion for relief from judgment in Wood County Common Pleas Court in an effort to have the separation agreement reached in August 1986 vacated. (Gettys v. Britt, Case No. 83-DR-283). However, the Ohio court denied the 60(B) motion on March 13, 1988, finding that Britt was aware of the terms and provisions of the settlement agreement, authorized and consented to it, and thereafter acquiesced and ratified it by transferring shares of Laz-Z-Boy stock, paying cash to his ex-wife, and executing deeds covering the partnership property.
 
 
 8
 This action was commenced on April 1, 1988, in the United States District Court for the Northern District of Ohio based on diversity of citizenship and alleging fraud and negligence on the part of Gwyn. On February 22, 1989, an opinion and order of the district court granted appellee Gwyn's motion for summary judgment based on the one-year statute of limitations for legal malpractice suits in Ohio contained in Ohio Rev.Code Sec. 2305.11(A). The case was dismissed. Appellant's motion for reconsideration and to amend the complaint was denied on June 19, 1989. Appellant timely filed this appeal.
 
 II.
 
 9
 The first issue before this court is whether the district court erred in granting summary judgment because appellant's claim is barred by the statute of limitations for legal malpractice in Ohio.
 
 
 10
 Appellant contends that appellee had no authority to enter into the settlement agreement which resulted in the September 11, 1986 division of property and is liable for malpractice as the settlement adopted an inequitable division of the partnership property. Appellant further contends that he did not learn of the judgment entry concerning the settlement agreement until April 1987, when papers were served on him in Case No. 83-DR-283 for his failure to pay alimony and other alleged debts to his ex-wife.
 
 
 11
 Appellee argues that the evidence is overwhelming that Britt was fully aware in August 1986 of the terms of the settlement concerning the division of marital partnership property, that there is evidence that the agreement was executed with his consent, and that his subsequent actions ratified the agreement. The present cause of action, which was commenced on April 1, 1988, is in any event time barred because it was not commenced within one year of the termination of the attorney-client relationship in September 1986 or from the discovery of the alleged malpractice.
 
 
 12
 Under Ohio Rev.Code Sec. 2305.11(A), a cause of action for legal malpractice shall be brought within one year after the cause of action accrues. In Ohio, a cause of action does not accrue until plaintiff discovers or, in the exercise of reasonable diligence, should have discovered the resulting injury, or when the attorney-client relationship ends, whichever occurs latter. Omni-Food & Fashion, Inc. v. Smith, 38 Ohio St.3d 385, 388 (1988). In the present case, the record indicates that the attorney-client relationship between appellee and appellant did not continue beyond September 30, 1986. Thus the relevant inquiry is when did Britt discover, or in the exercise of reasonable diligence should he have discovered, the alleged malpractice concerning the settlement agreement.
 
 
 13
 Appellant contends that he had not given appellee authorization to make a settlement concerning the partnership property, that he was not aware that any binding settlement had been made, and that he had no knowledge that a judgment adopting the settlement agreement had been entered on September 11, 1986 by Judge Williamson. He argues that he did not discover the entry of judgment until April of 1987 when his ex-wife sued him for unpaid alimony and other debts under Case No. 83-DR-283 and a copy of the agreement was attached to the papers served on him. He contends that no cognizable event indicating the amount of money he lost by the unauthorized settlement agreement occurred until this point and he therefore did not discover the alleged malpractice until April 1987. Appellant also alleges that his cause of action for malpractice did not accrue until after he had received an opinion from another attorney that appellee's actions constituted malpractice.
 
 
 14
 We find no merit in appellant's arguments. The district court properly granted summary judgment on this issue, because reasonable minds could come to no other conclusion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), than that appellant was aware of the contents and substance of the property division contained in the settlement agreement before April 1987. On August 4, 1986 appellant met with Gwyn and Dunipace to discuss the proposed agreement. Gwyn wrote appellant on August 5, 1986, confirming the proposed settlement and informing him of the court hearing. Mr. Dunipace also wrote a letter to appellant on August 5, 1986, outlining the proposed agreement. At his deposition, appellant acknowledged receipt of appellee's August 12th letter, informing him that the case had been settled according to his agreement. The letter described the property settlement. Any professed ignorance on the part of appellant would amount to a lack of due diligence as he was given sufficient notice that an agreement had been made. Appellant ratified the agreement by signing deeds on September 18, 1986 in order to convey the property provided for in the agreement. Appellant's argument that he signed blank sheets of paper, rather than the deeds, is not credible as the deeds were on Anderson Publishing Company's type-stamped, pre-printed forms with the word deed prominently displayed.
 
 
 15
 Appellant gave further evidence of his awareness of the terms of the agreement in the letters which he wrote expressing his dissatisfaction with its terms: his October 29, 1986 letter to appellee and his November 25, 1986 and January 5, 1987 letters to Judge Williamson. Thus, there is ample evidence indicating appellant's knowledge of the content of the agreement before January 26, 1987 when appellant's counsel, Voghtsberger, filed a notice of appearance in the Court of Common Pleas of Wood County, Ohio.
 
 
 16
 Attorney Voghtsberger filed a notice of appearance on appellant's behalf concerning case No. 83-DR-283. The record shows that Judge Williamson sent a letter to Britt informing him of a hearing that was to be held on January 27th, 1987, concerning case No. 83-DR-283. The letter stated that Britt's counsel was required "to bring a Final Judgment Entry along with two copies of said judgment entry with copies of the separation agreement attached thereto" (emphasis added). The fact that Voghtsberger filed an appearance on Britt's behalf the day before this hearing was scheduled indicates that Britt received the letter from Judge Williamson notifying him of the hearing and telling him that a final judgment entry concerning the settlement agreement had been made. By Britt's own admission, he informed Vogtsberger at that time that Gwyn had made the allegedly unauthorized settlement. Thus, the latest time appellant's cause of action accrued was in January of 1987, when he was notified by Judge Williamson that a final judgment had been made and when he hired an attorney to represent him in case No. 83-DR-283. Under Gerl Constr. Co. v. Medina County Board of Com'rs, 24 Ohio App.3d 59, 66 (1985), an attorney's knowledge is imputed to his client. Britt therefore failed to meet the one-year statute of limitation for malpractice in Ohio because he did not file the present suit until April 1988. For this reason, we affirm the decision of the district court on this issue.
 
 III.
 
 17
 Second, appellant alleges that the district court erred in finding that appellant's allegations of fraud were in essence an action for malpractice. Appellant Britt's allegation of fraud are as follows: Britt alleges that appellee Gwyn not only did not have authorization to enter into the settlement agreement but that he also concealed from Britt that an agreement had been made. In the alternative, appellant inconsistently argues that he gave his approval to the agreement because appellee fraudulently misrepresented that it was an equitable agreement and in appellant's best interest to accept it. Britt also argues that appellee knowingly refused to advise him of the applicable facts and law concerning possible means of relief once appellee was aware that he was dissatisfied with the agreement.
 
 
 18
 Appellant contends that Attorney Gwyn defrauded him by telling him that if Britt paid over $47,000 from the sale of La-Z-Boy stock to Dunipace, his ex-wife's attorney, all of Mrs. Britt's claims for alimony, past, present, or future, would be released. Britt argues that he paid the sum demanded, but Gwyn had not secured a release and he remained liable for alimony. He contends that because Ohio has a four year statute of limitation for fraud, his action is not time barred.
 
 
 19
 Appellee contends that this is a garden variety legal malpractice action that appellant has attempted to turn into a claim for fraud in an attempt to avoid Ohio's one-year statute of limitation for legal malpractice. Under Ohio law, one cannot change the nature of a malpractice complaint with a mere allegation of fraud. In Hibbett v. City of Cincinnati, 4 Ohio App.3d 128, 129 (1982), the court held that if the "gist of the complaint" is an action for malpractice the one-year statute of limitation found in Ohio Rev.Code Sec. 2305.11(A) is applicable rather than the four-year statute of limitation for claims based on fraud. See also Muir v. Hadler Real Estate Mgmt. Co., 4 Ohio App.3d 89, 90 (1982) ("[m]alpractice by any other name still constitutes malpractice").
 
 
 20
 Appellant argues that under Ohio law a knowing misrepresentation of a material fact can give rise to both a claim for malpractice and a claim for fraud. Appellant relies on Gaines v. Preterm-Cleveland, Inc., 33 Ohio St.3d 54, 56 (1987) in which the Ohio Supreme Court held that a physician's knowing misrepresentation of a material fact concerning a patient's condition, on which the patient justifiably relies to his detriment, may give rise to a cause of action in fraud independent from an action in medical malpractice.
 
 
 21
 We find that the present case is distinguishable from Gaines, because appellant has failed to establish a knowing misrepresentation. In Gaines, the plaintiff alleged that she had been told by the health care facility that her IUD had been removed when, in fact, the IUD was not removed because it could not be located. In the present case, appellant alleges that he received incorrect legal advice, but there is no indication that appellee gave the advice with knowledge of its falsity or that he intentionally misled appellant for his own benefit. Appellant in the present case does not allege that appellee profited personally from the alleged misrepresentations or from the $47,000 Britt paid to his ex-wife. Under Ohio law, appellant thus failed to sufficiently plead the six elements of an action in fraud.[1] Burr v. Stark Cty. Bd. of Commrs., 23 Ohio St.3d 69 (1986); Cohen v. Lamko, Inc., 10 Ohio St.3d 167 (1984).
 
 
 22
 We find that no claim of fraud separate and independent from the malpractice claim exists in the complaint. The factual basis of appellant's claim is grounded upon allegations that Gwyn entered into a settlement agreement concerning the dissolution of Britt Farms I and II that was detrimental to appellant without any authorization, misrepresented to appellant that $47,000 in cash paid to Mr. Dunipace from the sale of La-Z-Boy stock would release him from all alimony claims, failed to inform him that there was a binding settlement agreement and failed to apprise him of means of relief from the agreement. A review of these allegations indicates that the alleged injuries stem from legal malpractice and do not support a claim of knowing misrepresentation for personal gain. Therefore, under Ohio law the alleged fraud does not extend the statute of limitations. For the reasons stated above, the decision of the district court is affirmed.
 
 
 
 [1]
 The elements of an action in actual fraud are: (a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance. Gaines, 33 Ohio St. at 55